# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TROY ROBERT LASECKI,**
            **Petitioner,**

**v.**                              **Case No. 18-CV-506**

**SHERIFF DOUG VERHEYAN,**
            **Respondent.**

## REPORT AND RECOMMENDATION

Troy Robert Lasecki is incarcerated pursuant to the judgment of a Wisconsin Circuit Court. On March 30, 2018, he filed a petition for a writ of habeas corpus. Lasecki has paid the filing fee and consented to the full jurisdiction of a magistrate judge. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Having reviewed the petition, the court concludes that it is plainly apparent that the petitioner is not entitled to relief. Therefore, the court will recommend that the petition be dismissed.

Lasecki was convicted of two misdemeanor counts of failing to return a security deposit. *See* Wis. Stat. § 100.26(3); Wis. Adm. Code ATCP 134.01. He represented himself at trial and was convicted by a jury. On March 27, 2018, Lasecki was sentenced to two years of probation, but as a condition of probation was ordered to serve time in jail. (ECF No. 1-1 at 23-24.) As a result, he is currently incarcerated.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted). Lasecki acknowledges that he made no effort to exhaust his remedies in state court before filing this petition. He states he has not done so "[b]ecause there is no time, and my liberty is being illegally detained, in county jail, at the present time." (ECF No. 1 at 13.)

Although the exhaustion of state remedies is an affirmative defense, "there is no doubt that a federal court may raise sua sponte a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." *Martin v. Superintendent, Heritage Trail Corr. Facility*, No. 1:16-cv-1242-JMS-DKL, 2016 U.S. Dist. LEXIS 87188, at *3-4 (S.D. Ind. July 6, 2016) (quoting *Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998)); *see also Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) (noting "the authority of courts to raise non-jurisdictional

affirmative defenses sua sponte in habeas cases"); *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990) (stating "[t]he first duty of a district court, therefore, is to examine the procedural status of the cause of action … [including] whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings"); *Belmares v. Schmidt*, 2016 U.S. Dist. LEXIS 114754 (E.D. Wis. Aug. 26, 2016) (dismissing petition at Rule 4 screening for petitioner's failure to make any attempt to exhaust his claims).

Lasecki's concern for an expeditious resolution is an insufficient basis to disregard the principles of comity that underlie the exhaustion requirement. There is a state corrective process of which Lasecki has not yet availed himself. *See* 28 U.S.C. § 2254(b)(1)(B)(i). State courts are capable of resolving appeals quickly if justice so requires. In extreme cases the state court's unjustifiable delay may excuse the exhaustion requirement. *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997) ("Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief.") (citing *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992); *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970)); *see also Montgomery v. Meloy*, 90 F.3d 1200, 1205 (7th Cir. 1996); *Wadley v. Gaetz*, 348 F. App'x 148, 151 (7th Cir. 2009). But before a federal court will intervene a petitioner must first seek relief in the state court and give it a chance to correct whatever

errors the petitioner alleges. Because Lasecki has made no effort to seek such relief, the court finds no basis to conclude that "circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(ii). Lasecki has not exhausted his remedies in state court. *See* 28 U.S.C. § 2254(c). Therefore, his petition should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Lasecki's petition for a writ of habeas corpus be dismissed.

**IT IS FURTHER RECOMMENDED** that the court deny Lasecki a certificate of appealability.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 9th day of April, 2018.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge

4